**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

Plaintiff,

v.                                                         CASE NO. 20-cv-00855-MV-LF

PRESBYTERIAN HEALTHCARE SERVICES,
*d/b/a Lincoln County Medical Center*,

Defendant.

---

## CONSENT DECREE

---

### I.  RECITALS

**1.**      This matter was instituted by Plaintiff, Equal Employment Opportunity

Commission ("Commission" or "EEOC"), an agency of the United States government,

alleging that Defendant, Presbyterian Healthcare Services d/b/a Lincoln County

Medical Center ("Defendant" or "PHS d/b/a LCMC") subjected Tabitha Knoll-Billingsley

("Knoll-Billingsley") to discrimination because of her race, African-American, and in

retaliation for her opposition to perceived unlawful employment practices and/or

because of her participation in proceedings under Title VII of the Civil Rights Act of

1964, ("Title VII"). EEOC alleges that PHS d/b/a LCMC subjected Ms. Knoll-Billingsley

to discrimination based on her race by placing her on administrative leave after her

internal complaints of race discrimination. EEOC further alleges PHS d/b/a LCMC

subjected Ms. Knoll-Billingsley to retaliation because of her internal complaints and

her filing of an EEOC Charge by placing her on administrative leave; threatening to

1

terminate her while she was on administrative leave; telling her to apply for another position, transfer to a different position, or resign; and other retaliatory acts which alone or in the aggregate were materially adverse actions. EEOC alleges that PHS d/b/a LCMC's race discrimination and retaliation forced Ms. Knoll-Billingsley to resign.

2.      This Decree is not an admission by Defendant of any violation of Title VII, and Defendant denies the allegations made by the EEOC and maintains that it did not engage in any unlawful actions.

3.      The Parties to this Decree are the Plaintiff EEOC and the Defendant PHS d/b/a LCMC.

4.      The Parties, desiring to settle this action by an appropriate Consent Decree ("Decree"), agree to the jurisdiction of this Court over the Parties and the subject matter of this action, and agree to the power of this Court to enter a Consent Decree enforceable against Defendant.

5.      As to the issues resolved, this Decree is final and binding upon the Parties and their successors and assigns.

6.      For the purpose of amicably resolving disputed claims, the Parties jointly request this Court to adjudge as follows:

**IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

**II.  JURISDICTION**

7.      The Parties stipulate to the jurisdiction of the Court over the Parties and subject matter of this action and have waived the entry of findings of fact and conclusions of law.

### III. TERM AND SCOPE

8.      **Term:**  The duration of this Decree will be two (2) years from the date of entry by the Court.

9.      **Scope:** The terms of this Decree will apply to LCMC emergency medical services units, and other clinical facilities located in Ruidoso, New Mexico operated by PHS and any PHS employee relations staff serving LCMC's operations in Ruidoso, New Mexico unless otherwise specified herein.

### IV. ISSUES RESOLVED

10.     This Decree resolves the claims alleged in the above-captioned lawsuit and constitutes a complete resolution of all of the Commission's claims of unlawful employment practices under Title VII that arise from Charges of Discrimination Numbers 543-2019-00155 and 543-2019-00185 filed by Ms. Knoll-Billingsley.

11.     Defendant and its officers, agents, employees, and successors will not interfere with the relief herein ordered but will cooperate in the implementation of this Decree.

### V.      MONETARY RELIEF

12.     To resolve these claims, Defendant will pay a total of $ 150,000.00 allocated as follows: back pay in the amount of $ 5,000.00 and compensatory damages in the amount of $ 145,000.00.

13.     Defendant will not condition the receipt of individual relief upon Ms. Knoll-Billingsley's agreement to: (a) maintain as confidential the terms of this Decree or the facts of the case; or (b) waive her statutory right to file any future charge for events unrelated to the Charges referred to in Paragraph 10 above with any federal or state

anti-discrimination agency or (c) promise not to reapply for a position at any of Defendant's facilities.

**14.** EEOC retains the discretion to determine the apportionment of the settlement amount between back pay and compensatory damages. Payments designated "back pay" will be reported on IRS Form W-2. Defendant will be responsible for paying its share of payroll taxes for "back pay" and, in accordance with a newly submitted W-4, withholding applicable payroll taxes owed by Ms. Knoll-Billingsley. Payments designated as "compensatory damages" will be reported on IRS Form 1099 by Defendant and will not be subject to withholdings pursuant to a W-9 form provided by Ms. Knoll-Billingsley. By January 31, 2021, Defendant will issue and send to Ms. Knoll-Billingsley the respective W-2 for the back-pay amount and IRS Form 1099 for the compensatory damages amount.

**15.** Provided that updated W-4 and W-9 forms are provided prior to the filing of this Decree, the payments required under this Decree will be mailed to the address provided by the EEOC for Ms. Knoll-Billingsley within twenty (20) calendar days after the Court's entry of this Decree.

**16.** Within ten (10) business days after payments are mailed to Ms. Knoll-Billingsley, Defendant will submit to EEOC a copy of the checks issued.

**17.** All costs associated with the distribution of settlement funds to Ms. Knoll-Billingsley will be paid by Defendant.

## VI.    OTHER INDIVIDUAL RELIEF

**18.**    Defendant will expunge from Ms. Knoll-Billingsley's personnel files: (a) all

references to the allegations of discrimination filed against Defendant that formed the

basis of this action;  (b) all references to Ms. Knoll-Billingsley's participation in this

action; and (c) all documents that refer, make reference to, or relate to any alleged

performance or conduct deficiencies documented after Ms. Knoll-Billingsley filed her

internal complaints of discrimination and her charges of discrimination.

**19.**    Defendant will ensure that all of Defendant's records reflect that Ms. Knoll-

Billingsley voluntarily resigned from her employment and is eligible for rehire

(contingent on proper licensure as indicated in Job Descriptions and required for all

candidates for the position). Further, Defendant will provide Ms. Knoll-Billingsley a

positive letter of reference in the form attached as Exhibit A.

**20.**    Within ten (10) days after entry of this Decree, Defendant will provide a letter of

apology to Ms. Knoll-Billingsley on company letterhead in the form attached as Exhibit

B.

## VII.  EQUITABLE RELIEF

### A.    *Injunctive Relief*

**21.**    Defendant and its officers, agents, and successors are enjoined from engaging

in any employment practice that discriminates based on race, including but not limited

to harassment or disparate treatment because of race.

**22.**    Defendant and its officers, agents, and successors are enjoined from engaging

in retaliation against any person because of such person's opposition to any practice

made unlawful under Title VII or participation in proceedings under Title VII. Defendant is also enjoined from retaliation against any witness who participates in any investigation of unlawful discrimination.

**B.      EEO Policy Review**

23.      Within sixty (60) days of the entry of this Decree, Defendant will review its existing EEO policies to conform with the law and revise, if necessary.

24.      The written EEO policies must include at a minimum:

**24.1.** A strong and clear commitment to preventing unlawful race discrimination and retaliation;

**24.2.** A clear and complete definition of disparate treatment based on race, race harassment, and retaliation;

**24.3.** A statement that discrimination based on race, harassment because of race, and retaliation is prohibited and will not be tolerated;

**24.4.** A clear and strong encouragement of persons who believe they have been discriminated against based on race or retaliated against to report such concerns;

**24.5.** The identification of specific individuals, with contact information, including telephone numbers, to whom employees can report their concerns about race discrimination, race harassment, or retaliation;

**24.6.** A clear explanation of the steps an employee must take to report race discrimination, race harassment, or retaliation, which must include the options of either an oral or written complaint;

**24.7.** An assurance that PHS d/b/a LCMC will investigate allegations of any activity that might be construed as unlawful discrimination and that such investigation will be prompt, fair, and reasonable, and conducted by a neutral investigator specifically trained in receiving, processing, and investigating allegations of discrimination and retaliation;

**24.8.** An assurance that appropriate measures will be taken by PHS d/b/a LCMC to make victims whole and to correct the unlawful conduct within its workforce;

**24.9.** A description of the consequences, up to and including termination, that will be imposed upon violators of PHS d/b/a LCMC's anti-discrimination and anti-retaliation policies;

**24.10.** A commitment to reasonable confidentiality for persons who report unlawful race discrimination, race harassment, and/or retaliation, or who participate in an investigation into allegations of race discrimination, race harassment, and/or retaliation; and

**24.11.** An assurance of non-retaliation for persons who report unlawful race discrimination, race harassment, and/or retaliation, and for witnesses who provide testimony or assistance in the investigation(s) of such unlawful discrimination, harassment, and/or retaliation.

**25.** Within thirty (30) days after completion of the policy review required under paragraphs 23, 24, and 25 above, the written EEO policies will be posted on Defendant's intranet.  Any revised Non-discrimination policies will be included in

Defendant's new-hire required training. Defendant will make the written EEO policies available in alternative formats as necessary for persons with cognitive and print disabilities or language needs that may prevent them from reading the policies. Alternative formats may include but not be limited to an audiotape format.

## D.   *Training*

**26.**   Defendant will provide EEO training for all its LCMC employees according to the terms of this Paragraph 26. Under this provision, employees will be trained at a minimum in the following areas: (a) Defendant's policy and procedures for reporting alleged discrimination; (b) understanding the kind of conduct that may constitute unlawful discrimination or harassment; (c) the penalties of engaging in discriminatory behavior;  and (d) Defendant's non-retaliation policy. All training under this Paragraph 26 will be at Defendant's selection and expense. Training required by this Paragraph 26 does not have to be presented through live sessions.  However, Defendant must insure that any video, Zoom or similar format presentations also include a qualified Employee Relations official who can participate in training sessions either in person or remotely to answer employee questions about the topics described above. Defendant is responsible for providing a qualified trainer(s) for the training required by this Paragraph 26. Defendant's reports to the Commission on the training completed pursuant to this Paragraph 26 will include information as to the date(s) of the training, the presenter, and the topics covered.

The total required hours of training and groups to be trained is as follows:

26.1   Non-managerial Employees:  Defendant will provide non-managerial employees at all its facilities in Ruidoso, New Mexico at least one (1) hour of training annually on the topics listed in Paragraph 26, with a focus on race discrimination, prohibitions on harassment because of race, and prohibitions on retaliation. Defendant may provide training sessions of less than one hour to accommodate Defendant's staffing needs as long as all employees attend sufficient shorter duration sessions to accumulate the one-hour total minimum training requirement each year of the Decree. This training requirement will be mandatory for every employee in facilities in Ruidoso, New Mexico who is employed within each year of the Decree.

26.2   Managerial and Supervisory Employees:  Defendant will require all individuals who work in a managerial or supervisory capacity at any of its facilities in Ruidoso, New Mexico to receive at least four (4) hours of training in the first year of this Decree regarding Title VII and other federal anti-discrimination laws, race discrimination, prohibitions on harassment because of race, prohibitions on retaliation, modeling appropriate behavior, modeling leadership, instruction in the proper methods of receiving complaints, including verbal complaints, communicating with complaining parties, investigating (where applicable), and addressing discrimination and retaliation and include at least one (1) hour of conscious and unconscious bias training. Training for managers and supervisors in Ruidoso for year two of this Decree shall include at least a two-hour refresher training on the topics described above. Additionally,

Defendant will require employees who are newly hired or recently promoted into a managerial or supervisory position to complete two (2) hours of complaint-handling, and race and retaliation training within thirty (30) days of being hired or promoted.

26.3    Employee Relations Employees:  Defendant will require all individuals who work in an employee relations capacity and provide employee relations advice or guidance to employees, supervisors, or managers of Defendant in Ruidoso, New Mexico to receive at least six (6) hours of training in the first year of this Decree and three (3) hours in year two of this Decree regarding Title VII and other federal anti-discrimination laws. Two (2) hours of the required training in each year of the Decree must directly address race discrimination, race harassment, and prohibitions on retaliation. The remaining training time must include instruction in the proper methods of receiving complaints, including verbal complaints, properly responding to complaints, communicating with complaining parties, investigating (where applicable), and addressing discrimination, including the proper procedures for documenting and preserving evidence of discrimination, as well as detailing the consequences and result of the investigation where discrimination is found. The training shall include how to investigate complaints of discrimination, including such matters as witness interview techniques, other evidence-gathering techniques, maintaining investigative notes and records, legal analysis of the evidence, and methods for eliminating and addressing violations of anti-discrimination law. This Employee

Relations staff training does not have to be presented through live sessions. However, Defendant must insure that any video, Zoom or similar format presentations include a qualified Consultant or In-house counsel who can provide this training and participate in training sessions either in person or remotely to answer questions. Additionally, Defendant will require employees who are newly hired or promoted into an employee relations position to complete three (3) hours of training on Equal Employment Opportunity laws, race discrimination, investigations, and training addressing prohibitions on retaliation within thirty (30) days of being hired or promoted into a human resource position.

27.   Defendant agrees that the first such training session for each employee group identified in Paragraph 26 above will take place within ninety (90) days after the Court's entry of this Decree. Defendant agrees that all of its personnel described in each group will attend the training sessions.

28.   The Commission, at its discretion, may designate one or more Commission representatives to attend any of the training sessions described above, and the Commission representatives will have the right to attend, observe, and fully participate in all of the sessions. Defendant will provide the Commission with thirty (30) days' notice that a training session will be conducted, or alternatively, Defendant may provide a comprehensive schedule of trainings planned for the year or for a number of months if such is more convenient.

**E.    *Notice Posting***

29.     Within ten (10) business days after the Court's entry of this Decree, Defendant

will post at the LCMC EMS Base, in a conspicuous place frequented by employees,

the Notice attached as Exhibit C to this Decree. The Notice will be the same type,

style, and size as set forth in Exhibit C. The Notice will remain posted for the duration

of this Decree. If the Notice becomes defaced or illegible, Defendant will replace it with

a clean copy.  Defendant will certify to the Commission, in writing, within fifteen (15)

days of entry of this Decree that the Notice has been properly posted and will provide

recertification in each of the semi-annual reports required under the Reporting

provisions of this Consent Decree. The Notice attached as Exhibit C will also be

provided to all new-hires in the LCMC EMS Department for the duration of this

Decree.

## F.     *Discipline for Violation of Policies*

30.     Defendant hereby confirms that in response to Ms. Knoll-Billingsley's complaints

of discrimination, the below listed disciplinary actions were and will be issued:

> **30.1** Ryan Whitley received a Written Summary of Counseling on January 11,
>
> 2019 regarding racial harassment in the workplace, which will remain in his
>
> official personnel file for the duration of his employment.
>
> **30.2** Supervisor Ms. Nunnally received a Memorandum of Performance
>
> Concerns dated January 2, 2019 and was placed on an Action Plan, including
>
> plans for education of Ms. Nunnally regarding Title VII prohibitions on retaliation,
>
> LCMC' anti-reprisal policies, LCMC policies relating to employee rights, and
>
> supervisory techniques. This Memorandum of Performance Concerns will be

amended to note her failure to appropriately respond to Ms. Knoll-Billingsley's allegations of race harassment and her failure to prevent retaliation against Ms. Knoll-Billingsley and will remain in her official personnel file for the duration of this Decree. Ms. Nunnally will be required to read and sign the Amended Memorandum of Performance Concerns and a copy of the signed Amended Memorandum of Performance Concerns will be produced to the EEOC as part of Defendant's reporting pursuant to Paragraph 33.8 of this Consent Decree.

**30.3** Julie Allen will be permanently ineligible for rehire at PHS in any Employee Relations capacity.

### VIII.  Record Keeping and Reporting Provisions

**31.**     For the duration of this Consent Decree, Defendant will maintain all records concerning implementation of this Consent Decree, including, but not limited to, all of the following:

**31.1**  Personnel files; and

**31.2**  Complaints of race discrimination and/or retaliation and records documenting investigation of such complaints at Defendant's facilities in Ruidoso, New Mexico, including witness statements, documents compiled, conclusions and findings, and any corrective and remedial actions taken.

**32.**     Defendant will provide semi-annual reports for each six-month period following the entry of this Decree. The reports will be due thirty (30) days following the respective six-month period, except the final report, which will be submitted to the Commission eight weeks prior to the date on which the Consent Decree is to expire.

**33.**   **Reporting Requirements:**  Each report, to be delivered via email to undersigned counsel for EEOC, will provide the following information:

### 33.1 Reports of  Discrimination pursuant to Title VII

**33.1.1** The name, address, email address, and telephone number of each person making a verbal or written complaint of unlawful race discrimination or retaliation to Defendant or to any federal, state, or local government agency; and

**33.1.2** A summary of each complaint, including the date of the complaint, the name of the individual(s) who allegedly engaged in the discriminatory conduct, the Defendant's investigation and response to the complaint, the name of the person who investigated or responded to the complaint, and what, if any, resolution was reached.

### 33.2 Complaints of Retaliation pursuant to Title VII

**33.2.1** The name, address, email address, and telephone number of each person making a verbal or written complaint of unlawful retaliation to Defendant or to any federal, state, or local government agency; and

**33.2.2** A summary of each complaint, including the date of the complaint, the name of the individual(s) who allegedly engaged in the retaliatory conduct, the Defendant's investigation and response to the complaint, the name of the person who investigated or responded to the complaint, and what, if any resolution was reached.

### 33.3 Training

**33.3.1** For each training program required under Paragraph 26, and conducted during the reporting period, Defendant will submit a report that includes date(s) and duration of training provided; a list of employees attending the training; information on the presenter, including the presenter's resume; and the training Agenda or description of topics covered.

**33.4 Posting of Notice**:  Defendant will recertify to the Commission that the Notice required to be posted under Section VII.E. of this Consent Decree has remained posted during the reporting period, or, if removed, was promptly replaced.

**33.5 Policy Review**:  Defendant will report on the status of the EEO policy review process required by paragraphs 23-25 above.

**33.6 Expungement of Personnel Records:** The first report will include a report on the expungement of personnel records for Ms. Knoll-Billingsley required by paragraph 18 above.

**33.7 Letters of Reference and Apology:** The first report will include a copy of the Letters of Reference and Apology sent to Ms. Knoll-Billingsley required by paragraphs 19 and 20 above.

**33.8 Discipline:** The first report will include a copy of the documents relating to disciplinary actions taken as required by paragraph 30 above.

**IX.  RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE**

**34.**     This Court will retain jurisdiction of this cause for purposes of compliance with this Decree and entry of such further orders or modifications as may be necessary or appropriate to effectuate equal employment opportunities for employees.

**35.**     There is no private right of action to enforce Defendant's obligations under the Decree and only the Commission or its successors and assigns may enforce compliance herewith.

**36.**     The Commission may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over this action.  Should the Court determine that Defendant has not complied with this Decree, appropriate relief including extension of this Decree for such period as may be necessary to remedy its non-compliance may be ordered.

**37.**     Absent extension, this Decree will expire by its own terms at the end of the 24th month from the date of entry without further action by the Parties.

### X.  EEOC AUTHORITY

**38.**     With respect to matters or charges outside the scope of this Decree, this Decree will in no way limit the powers of the Commission to seek to eliminate employment practices or acts made unlawful by any of the statutes over which the EEOC has enforcement authority, and do not arise out of the claims asserted in this lawsuit.

### XI.  COSTS AND ATTORNEY'S FEES

**39.**     Each party will be responsible for and will pay its own costs and attorney's fees.

### XII.  NOTICE

**40.**     Unless otherwise indicated, any notice required under the provisions of this

Decree will be sent by certified mail, postage prepaid, as follows:

Jeff Lee, Senior Trial Attorney
EEOC Albuquerque Area Office
505 Marquette Ave., N.W., Suite 900
Albuquerque, NM  87102
505-738-6723
jeff.lee@eeoc.gov

Attorney for Plaintiff EEOC

Attn: General Counsel
Presbyterian Healthcare Services
9521 San Mateo BLVD
Albuquerque NM, 87113

## XV.  SIGNATURES

**41.**     The parties agree to the entry of this Decree subject to final approval by the

Court.

SO ORDERED this 2nd day of September 2020.

BY THE COURT:

_____

MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

505-738-6723
jeff.lee@eeoc.gov

Attorney for Plaintiff EEOC

Attn: General Counsel
Presbyterian Healthcare Services
9521 San Mateo BLVD
Albuquerque NM, 87113

## XV.  SIGNATURES

41.    The parties agree to the entry of this Decree subject to final approval by the

Court.

SO ORDERED this _____ day of _____, 2020.

BY THE COURT:

_____
UNITED STATES DISTRICT JUDGE

BY CONSENT:

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

By:    Mary O'Neill    Digitally signed by Mary O'Neill
                       DN: cn=Mary O'Neill, o=PHXDO, ou=EEOC,
                       email=mary.onell@eeoc.gov, c=US
                       Date: 2020.06.25 10:23:30 -07'00'
       _____
       Mary Jo O'Neill
       Regional Attorney

Date: _____

Presbyterian Healthcare Services
d/b/a LCMC

By:    _____
       Tim Johnsen
       Senior V.P. Hospital Operations

Date:  8/25/2020

APPROVED AS TO FORM:

s/ *Loretta Medina by Jeff Lee*

Loretta Medina
Supervisory Trial Attorney
EEOC Albuquerque Area Office
505 Marquette Ave. NW, Ste. 900
Albuquerque, NM 87102
505.738-6732
loretta.medina@eeoc.gov

## JALEE

Jeff Lee
Trial Attorney
EEOC Albuquerque Área Office
505 Marquette Ave. NW, Ste. 900
Albuquerque, NM 87102
505.738-6723
jeff.lee@eeoc.gov

Attorneys for Plaintiff EEOC

Lorena (Olmos) Sandoval
Assoc. General Counsel -
Employment
Presbyterian Healthcare Services
505.923.6573
lsandoval15@phs.org

Attorney for Defendant
Presbyterian Healthcare Services

18

APPROVED AS TO FORM:

_____          _____
Loretta Medina                           D. Trey Lynn
Supervisory Trial Attorney               Ogletree, Deakins, Nash, Smoak &
EEOC Albuquerque Area Office             Stewart, P.C.
505 Marquette Ave. NW, Ste. 900          2415 East Camelback Road, Suite 800
Albuquerque, NM 87102                    Phoenix, AZ 85016
505.738-6732                             602.778-3708
loretta.medina@eeoc.gov                  trey.lynn@ogletree.com


_____          _____,
Jeff Lee                                 Lorena (Olmos) Sandoval
Trial Attorney                           Assoc. General Counsel - Employment
EEOC Albuquerque Área Office             Presbyterian Healthcare Services
505 Marquette Ave. NW, Ste. 900          505.923.6573
Albuquerque, NM 87102                    lsandoval15@phs.org
505.738-6723
jeff.lee@eeoc.gov                        Attorneys for Defendant Presbyterian
                                         Healthcare Services
Attorneys for Plaintiff EEOC

18

**EXHIBIT A (Letter of Reference)**

[On Company Letterhead]

Re:            Letter of Reference

To Whom It May Concern:


Ms. Tabitha Knoll-Billingsley was employed at the Lincoln County Medical Center EMS from August 22, 2017 to January 7, 2019. Ms. Knoll-Billingsley held the position of EMT Basic during this time and performed her duties in a satisfactory manner. Ms. Knoll-Billingsley is considered eligible for rehire with our company.

Sincerely,

[LCMC Human Resources Representative]

**EXHIBIT B (Letter of Apology)**

RE:    EEOC v. PRESBYTERIAN HEALTHCARE SERVICES d/b/a Lincoln County Medical
Center
       Civil Action No. 1:20-cv-    (D. NM).

Dear Ms. Knoll-Billingsley:

On behalf of Presbyterian Healthcare Services d/b/a Lincoln County Medical Center, I wish to
express my sincere apology that you found your experience while employed at Lincoln County
Emergency Medical Services to be unsatisfactory. We wish you the best of luck in the future.

                        Sincerely,



                        _____
                        Todd Oberheu
                        Chief Executive - LCMC

**EXHIBIT C (Notice for Posting)**

## NOTICE

The following notice is being posted pursuant to the terms of a Consent Decree reached between the Parties in <u>EEOC v. Presbyterian Healthcare Services d/b/a Lincoln County Medical Center,</u> filed in the United States District Court for the District of New Mexico, Civil Action No. 1:20-CV-855.

Management of Presbyterian Healthcare Services ("PHS") and Lincoln County Medical Center ("LCMC") wish to emphasize the company's fundamental policy of providing equal employment opportunity in all of its operations and in all areas of employment practices. PHS and LCMC seek to ensure that there will be no discrimination against any employee or applicant for employment on the grounds of race, color, religion, sex, pregnancy, national origin, disability, or age.

Pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), it is unlawful for an employer to discriminate based upon the race of an applicant or employee.  Further, it is unlawful for any employer to retaliate against an employee because he or she has opposed discriminatory employment practices, or because he or she has filed a charge of discrimination with any municipal, state or federal equal employment opportunity agency, or because he or she has participated in an investigation of a charge of discrimination.

PHS and LCMC respect the right of our employees and applicants for employment to work in an environment free from discrimination.  Accordingly, we reaffirm our commitment to complying with the strictures of Title VII, in that it is our policy to prohibit all discrimination based on race and to prohibit all forms of retaliation.

Any employee who believes that he or she has suffered discrimination on the basis of race, color, religion, sex, pregnancy, national origin, disability, or age has the right to contact the EEOC directly at (505) 738-6721 or the public portal at www.eeoc.gov. In compliance with federal law, no official at PHS  or LCMC will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart.

This Notice will remain posted for the term of two (2) years.

Presbyterian Healthcare Services:

By:_____     _____
                                                                      Date

21